Jonathan Aaron COHEN,
Plaintiff–Appellant,

v.

Loretta E. LYNCH, Attorney General,
Defendant–Appellee.

No. 15–55669

United States Court of Appeals,
Ninth Circuit.

Submitted September 13, 2016 *

Filed September 19, 2016

Jonathan Aaron Cohen, Del Mar, CA,
Pro Se.

Katherine L. Parker, Assistant U.S. Attorney, San Diego, CA.

Before: HAWKINS, N.R. SMITH, and
HURWITZ, Circuit Judges.

MEMORANDUM **

Jonathan Aaron Cohen appeals pro se
from the district court's judgment dismissing for lack of subject matter jurisdiction
his action seeking a declaratory judgment
that he will not be criminally sanctioned
under federal or state law for transporting,
in the course of his business, cannabis for
medical purposes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo
the district court's dismissal for lack of
subject matter jurisdiction. *Aydin Corp. v.
Union of India*, 940 F.2d 527, 527 (9th Cir.
1991). We affirm.

The district court properly dismissed
Cohen's action for lack of subject matter
jurisdiction because Cohen failed to establish an injury as required for Article III
standing. *See Hillblom v. United States*,
896 F.2d 426, 430–31 (9th Cir. 1990)
(plaintiffs' allegations were "premised on
potential future acts" and subsequently insufficient to establish an "injury which
warrants judicial intervention"); *Aydin
Corp.*, 940 F.2d at 527–28 (declaratory relief is proper only when there is an actual
case or controversy); *see also Lujan v.
Defenders of Wildlife*, 504 U.S. 555, 560–
61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)
(setting forth the elements of Article III
standing).

In light of our disposition, we do not
address Cohen's Statement on Oral Argument, filed August 17, 2015.

**AFFIRMED.**

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.